UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ADRIAN S. W.[1], | ) |
|         Plaintiff, | ) ) ) |
| v. | )   Case No. 4:22-cv-100 |
| KILOLO KIJAKAZI, Commissioner of Social Security, | ) ) ) ) |
|         Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of the decision of the Commissioner filed by the plaintiff, Adrian W., on December 15, 2022. For the following reasons, the decision of the Commissioner is **REMANDED**.

*Background*

The plaintiff, Adrian W., filed an application for Disability Insurance Benefits and Supplemental Security Income on March 8, 2021, alleging a disability onset date of January 1, 2020. (Tr. 248). The Disability Determination Bureau denied Adrian W.'s applications initially on August 9, 2021, and again upon reconsideration on November 4, 2021. (Tr. 144, 136). Adrian W. subsequently filed a timely request for a hearing on January 4, 2022. (Tr. 10). A hearing was held via telephone on April 26, 2022, before Administrative Law Judge (ALJ) Deborah Giesen. (Tr. 40-76). Vocational Expert (VE) Kimberly Eisenhuth testified at the hearing. (Tr. 69-75). Following the hearing, the ALJ issued an unfavorable decision on July 21, 2022. (Tr. 7-33). The Appeals Council denied review making the ALJ's decision the final decision of the Commissioner. (Tr. 1).

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.

At step one of the five-step sequential analysis for determining whether an individual is disabled, the ALJ found that Adrian W. had a continuous 12-month period in which he did not engage in substantial gainful activity. (Tr. 13).

At step two, the ALJ determined that Adrian W. had the following severe impairments: degenerative joint disease of the hips, status post left total hip arthroplasty; parkinsonism; seizure disorder; fibromyalgia; and degenerative disc disease of the lumbar spine. (Tr. 13).

At step three, the ALJ concluded that Adrian W. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 16). The ALJ found that no medical evidence reflected diagnostic findings that satisfied any listed impairment. (Tr. 17).

After consideration of the entire record, the ALJ then assessed Adrian W.'s residual functional capacity (RFC) as follows:

> [T]he claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except he can perform occasional climbing of ramps and stairs, balancing, and stooping. He cannot perform kneeling, crouching or crawling. He cannot climb ladders, ropes or scaffolds. He cannot work around unprotected heights, open flames, or unprotected dangerous moving machinery. He cannot work on wet surfaces. He cannot have concentrated exposure to vibrations (i.e., vibrating tools, vibrating work surfaces).

(Tr. 17). The ALJ found that Adrian W.'s medically determinable impairment reasonably could be expected to cause some of the alleged symptoms. (Tr. 18). That said, she found that the Adrian W.'s statements related to the intensity, persistence, and limiting effects of the symptoms conflicted with the medical evidence and other evidence in the record. (Tr. 18).

At step four, the ALJ found that Adrian W. could not perform his past relevant work. (Tr. 24). However, the ALJ found jobs that existed in significant numbers in the national economy

that Adrian W. could perform, such as a call out operator, document preparer, and charge-account clerk, touch up screener, and film touch up inspector. (Tr. 25). Consequently, the ALJ found that Adrian. had not been under a disability, as defined in the Social Security Act, from March 8, 2021, to the date of the decision. (Tr. 27).

## *Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. **42 U.S.C. § 405(g)** ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014); *Bates v. Colvin*, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence."). Courts have defined substantial evidence as "such relevant evidence as a reasonable mind might accept to support such a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 852 (1972) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 2d 140 (1938)); *see Bates*, 736 F.3d at 1098. A court must affirm an ALJ's decision if the ALJ supported her findings with substantial evidence and if there have been no errors of law. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted). Yet "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

Disability insurance benefits are available only to individuals who can establish a "disability" under the Social Security Act. The claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." **42 U.S.C. § 423(d)(1)(A).** The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. **20 C.F.R. §§ 404.1520, 416.920.** The ALJ first considers whether the claimant is presently employed and "doing . . . substantial gainful activity." **20 C.F.R. §§ 404.1520(b), 416.920(b).** If he is, the claimant is not disabled, and the evaluation process is over. If he is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." **20 C.F.R. §§ 404.1520(c), 416.920(c)**; *see* ***Williams v. Colvin***, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. **20 C.F.R. § 401, pt. 404, subpt. P, app. 1.** If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. Yet if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of his past work. If, at this fourth step, the claimant can perform his past relevant work, he will be found not disabled. **20 C.F.R. §§ 404.1520(e), 416.920(e).** That said, if the claimant shows that his impairment is so severe that he cannot engage in his past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, considering his age, education, job experience, and functional capacity to work, is able to perform other work and that such work exists in the national economy. **42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f), 416.920(f);** *see* ***Biestek v. Berryhill,*** 139 S. Ct. 1148 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the

private market-survey data underlying his opinion about job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Adrian W. has requested that the court remand this matter for additional proceedings. In his appeal, Adrian W. offers two arguments in favor of remand. First, he contends that the ALJ failed to adequately consider the opinion of Dr. Bangura, the agency's consultative examiner, resulting in a flawed determination of his residual functional capacity. Second, Adrian W. contends that the ALJ's finding that he had no concentration-related or cognitive limitations was not supported by substantial evidence or the relevant legal standards.

ALJs have an obligation to develop the record fully and fairly in order to "build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Otis S. v. Saul*, No. 1:18-cv-372, 2019 WL 7669923, at *2 (N.D. Ind. Dec. 19, 2019) *quoting* **Beardsley v. Colvin**, 758 F.3d 834, 837 (7th Cir. 2014). An ALJ "cannot simply cherry-pick facts supporting a finding of non-disability while ignoring evidence that points to a disability finding." **Reinaas v. Saul**, 953 F.3d 461, 466 (7th Cir. 2020) (internal quotes omitted). The Social Security Administration's previous regulations entitled the opinions of certain physicians to controlling weight based on their status as a claimant's treating physician, however, the new regulations have done away with this requirement. *See* **20 C.F.R. § 404.1520c** ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)…including those from your medical sources"). Instead, ALJs must consider all medical opinions based on factors set out by the Social Security Administration with supportability and consistency being the most important factors for the ALJ to discuss. **Kaehr v. Saul**, No. 3:19-cv-1171, 2021 WL 321450, at *3 (N.D.

Ind. Feb. 1, 2021).

Consultative examiners are agency doctors and are unlikely to exaggerate an applicant's disability. ***Garcia v. Colvin***, 741 F.3d 758, 761-62 (7th Cir. 2013) (citing ***Bjornson v. Astrue***, 671 F.3d 640, 647 (7th Cir. 2012)). "As a general rule, an ALJ is not required to credit the agency's examining physician in the face of … compelling evidence…. But rejecting or discounting the opinion of the agency's own examining physician that the claimant is disabled … can be expected to cause a reviewing court to take notice and await a good explanation for this unusual step." ***Beardsley v. Colvin***, 758 F.3d 834, 839 (7th Cir. 2014); *see also* **20 C.F.R. §§ 404.1520c(c)(3)(v), 416.920c(c)(3)(v)** ("A medical source may have a better understanding of your impairment(s) if he or she examines you than if the medical source only reviews evidence in your folder."). An ALJ should not rely on her own interpretation of exam findings instead of a doctor's professional judgment. *See* ***Stage v. Colvin***, 812 F.3d 1121, 1125 (7th Cir. 2016).

Here, the reasoning behind the ALJ's decision in finding consulting examiner's opinion unpersuasive appears to be that the ALJ trusted her own lay opinion of the medical evidence more than the professional opinion of Dr. Bangura, who examined Plaintiff on behalf of the agency.

At his consultative examination on June 29, 2021, with Dr. Bangura, Adrian W. reported that he had trouble grasping objects and struggled with balance issues resulting from Parkinson's Disease. (Tr. 559). Adrian W. claimed that he no longer did his own laundry because he struggled to carry objects in both hands while walking. (Tr. 559). During the examination, Dr. Bangura noted that Adrian W. was very unbalanced, unable to walk on his toes, heels, and tandem walk, and was ultimately unable to ambulate effectively. (Tr. 560). Dr. Bangura noted that Adrian W. had difficulty with sustained concentration, memory, and working with others.

(Tr. 560). Based on his assessment, Dr. Bangura contended that Adrian W. should not lift objects more than 1 pound, could sit for 3 hours, stand for 1 hour, and walk for 1 hour in an 8-hour workday. The opinion supported a finding of disability.

The ALJ's analysis of Dr. Bangura's opinion appears halfhearted at best. The ALJ noted that Dr. Bangura found that Adrian W. "[had] no difficulty hearing or speaking, [had] no issues with sight, [had] no limitations understanding directions, and show[ed] difficulty with sustained concentration and with persistence, memory, working with others and with social interactions." (Tr. 23). According to the ALJ, there were no exam findings in the record or in Dr. Bangura's exam to support the extreme limitations she suggested. (Tr. 23). Ultimately, the ALJ found that Dr. Bangura's opinion was not persuasive because it was "based on a one-time exam" and was "not consistent with the longitudinal record." (Tr. 23).

Yet Dr. Bangura's examination report documented that Adrian W. was very unbalanced, had abnormal motion, and a slow gait. (Tr. 560). Dr. Bangura documented that Adrian W. presented abnormal posture and was "unable to ambulate effectively." (Tr. 559-60). Notably these findings were absent from the ALJ's analysis of Dr. Bangura's report. Additional medical reports offered further support of Dr. Bangura's prescribed limitations. For example, an examination report by neurology clinicians on September 2, 2021, revealed that Adrian W. had "some issues with balance requiring cane use" and another report dated December 23, 2021, classified his gait as "spastic[2]." (Tr. 582, 653).

Overall, Dr. Bangura's "extreme limitations" were supported by her documented findings and observations during Adrian W.'s examination. Consequently, the ALJ has not provided a

---

[2] Spastic gait - a stiff, foot-dragging walk caused by a long muscle contraction on one side. https://medlineplus.gov/ency/article/003199.htm#:~:text=Spastic%20gait%20%2D%2D%20a%20stiff,form%20of%20a%20spastic%20gait.

7

good reason for her unusual step of rejecting Dr. Bangura's opinion. Instead, the ALJ seems to have credited her own lay interpretation of the examination report over that of Dr. Bangura, who performed the examination and had medical training. *See **Schmidt v. Sullivan***, 914 F.2d 117, 118 (7th Cir. 1990) ("[L]ay intuitions about medical phenomena are often wrong."). The ALJ failed to build a logical bridge from the evidence in Dr. Bangura's report to her conclusion that Dr. Bangura's opinion was unpersuasive.

Adrian W. also argues that the ALJ erred in finding that he had no concentration or cognitive limitations in the RFC determination. Because remand is necessary on other grounds, the court need not address this argument. The ALJ will be able to address this argument on remand.

## *Conclusion*

Based on the foregoing reasons, the decision of the Commissioner is **REMANDED** for further proceedings consistent with this Order.

ENTERED this 11th day of October 2023.

/s/ Andrew P. Rodovich
United States Magistrate Judge